UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 24-cr-101-pp

DONTRELL M. TATE,

        Defendant.

---

**ORDER OVERRULING DEFENDANT'S OBJECTIONS (DKT. NO. 70), ADOPTING JUDGE DUFFIN'S REPORT AND RECOMMENDATION (DKT. NO. 69) AND DENYING DEFENDANT'S MOTION TO DISMISS COUNT ONE OF INDICTMENT (DKT. NO. 53)**

---

On May 14, 2024, the grand jury returned a ten-count indictment charging the defendant and three others with, among other things, conspiracy to commit robbery in violation of 18 U.S.C. §1951(a). Dkt. No. 1. The defendant filed a motion to dismiss or sever the conspiracy charge, arguing that it violates his right against self-incrimination. Dkt. No. 53 at 2–3. Magistrate Judge William E. Duffin recommended that this court deny the motion. Dkt. No. 69. The defendant timely filed an objection, dkt. no. 70, and the government filed a response, dkt. no. 74. The court will overrule the defendant's objection, adopt Judge Duffin's recommendation and deny the defendant's motion to dismiss.

**I.    Legal Standard**

In a criminal case, district judges may designate magistrate judges to hear and determine "non-dispositive" pretrial motions. 28 U.S.C. §636(b)(1)(A).

1

A district judge also may designate a magistrate judge to hold an evidentiary hearing, or to submit to the district court judge proposed findings of fact and recommendations for disposition of a "dispositive" motion, such as a motion to dismiss an indictment. 28 U.S.C. §636(b)(1)(B). When a magistrate judge submits to the district judge proposed findings and recommendations under §636(b)(1)(B), the parties have fourteen days to object to the magistrate judge's report and recommendation; if a party objects, the district judge must make a *de novo* determination of the portions of the report and recommendation to which the party objects. 28 U.S.C. §636(b)(1)(C). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge;" the district judge also has the options of asking for further evidence or to sending the issue back to the magistrate judge with instructions for further proceedings. Id.

A magistrate judge's report and recommendation under §§636(b)(1)(B) on a *dispositive* motion, such as a motion to dismiss the indictment, is "'non-self-operating,' which means it is "not valid until the district judge accepts the magistrate's report and recommendation and enters an order or judgment." United States v. Brown, 79 F.3d 1499, 1503-04 (7t Cir. 1996) (quoting United States v. Ecker, 923 F.2d 8, 8-9 (1st Cir. 1991)). But a magistrate judge's ruling under §636(b)(1)(A) on a *non-dispositive* pretrial motion, such as a motion to sever, is "self-operating," which means that the magistrate judge's ruling is "valid when entered." Id. at 1503. A party still may object to a magistrate judge's ruling on a non-dispositive motion, but the district judge's

2

standard of review is different. In reviewing a magistrate judge's ruling on a *non-dispositive* motion, "the district judge may reconsider the magistrate's decision only 'where it has been shown that the magistrate's order is clearly erroneous or contrary to law.'" Id. (quoting 28 U.S.C. §636(b)(1)(A)).

**II.   Defendant's Motion**

   A.   Relevant Procedural Background

As discussed above, the grand jury indicted the defendant in this case on May 1, 2024. But this is not the defendant's first federal criminal case. Fourteen months earlier, on February 28, 2023, a grand jury indicted the defendant and another person on charges of committing a Hobbs Act robbery (an armed robbery) of a 7-Eleven store and knowingly using, carrying and brandishing a firearm during and in relation to that robbery. United States v. Tate, Case No. 23-cr-34-JPS (E.D. Wis.), Dkt. No. 6. On July 18, 2023, the defendant pled guilty to those two charges. Id. at Dkt. Nos. 31, 32. The defendant admitted that he was guilty of the Hobbs Act robbery and the firearm charge. Id. at Dkt. No. 31, ¶7 and Attachment A. On December 15, 2023, Judge J.P. Statdtmueller sentenced the defendant to eighty-four months imprisonment and three years of supervised release. Id. at Dkt. Nos. 61, 62.

Five months later, the grand jury returned the indictment in this case. Case No. 24-cr-101 at Dkt. No. 1. Count One of the indictment in this case alleges that from December 2021 through December 5, 2022, the defendant and three others conspired with each other and others to commit robberies of

3

commercial businesses involved in interstate commerce through actual and/or threatened force, violence and fear of injury. Id.

B. Defendant's Motion to Dismiss (Dkt. No. 53)

In the motion filed with Judge Duffin, the defendant argues that Count One violates his Fifth Amendment right against self-incrimination. Dkt. No. 53 at 2. He argues that he previously pled guilty to and was sentenced for the December 5, 2022 robbery of the 7-Eleven store, but now has been charged with conspiring to commit that robbery (among others). Id. at 1–2. The defendant argues that he has made statements "to an Eastern District of Wisconsin court" (presumably Judge Stadtmueller) "about committing the underlying offense in Count One" (presumably Count One of the indictment in this case; he says the government has been able to "get" him to admit "almost all of the elements needed to convict him on Count One [in this case] by waiting to bring the new charge until after he was already sentenced [by Judge Stadtmueller]." Id. at 2. He asserts that this means that he now cannot raise any defenses to the conspiracy charge in this case and predicts that the government may try to use statements he made at his sentencing before Judge Stadtmueller against him in this case. Id.

The defendant argues that allowing the government to bring conspiracy charges after a defendant has admitted committing the underlying offense disincentivizes defendants from entering plea agreements and accepting responsibility. Id. at 3. He says, "A defendant should not have to choose whether to get the benefit of admitting guilt in the criminal case they face

4

versus the risk of future criminal liability for the same action in a new case." Id. He argues that by pleading guilty in the case before Judge Stadtmueller, he reduced his advisory sentencing guidelines range by fourteen to seventeen months; he says he should not have been forced to consider passing on that benefit to avoid the possibility of being charged with future prosecution for conspiracy to commit the underlying robbery. Id. The defendant concedes that the government can charge someone both with committing an underlying offense and with conspiring to commit that same offense, but he argues that "[t]he question is whether the government can secure a conviction for the underlying offense and, thereafter, charge a conspiracy for that same conduct." Id. He urges the court to dismiss the conspiracy charge. Id.

In the alternative, the defendant asks the court to sever Count One from the other charges. Id. He asserts that the robberies charged in Counts Two through Five of the instant indictment allegedly occurred eleven months before the robbery of the 7-Eleven; he contends that if the court doesn't sever the conspiracy charge, a jury could find out that the defendant admitting to committing "the underlying Crime in Count One at the same trial where he is being accused of two other robberies that occurred nearly a year prior." Id.

Reciting Rule 8(a) and 14 of the Federal Rules of Criminal Procedure, the defendant asserts that the potential prejudice of joining Count One with the other counts outweighs "any minimal interests of the public in conducting a single trial . . . ." Id. at 4. He also advises the court that in the prior case before Judge Stadtmueller, he made statements "about co-actors in the 7-Eleven

5

robbery," he defendant argues that there may be a Bruton issue if the government seeks to have admitted at the trial in this case the defendant's statements from his prior case regarding his co-defendants in this case. Id. at 4 (citing Bruton v. United States, 391 U.S. 123, 127 (1968)). (The defendant explains that in the case before Judge Stadtmueller, his co-actors were not named, whereas the government now has identified them as the co-defendants charged in Counts Seven and Eight of this case. Id.)

The government filed an opposition brief with Judge Duffin, arguing that Count One does not violate the defendant's Fifth Amendment right against double jeopardy. Dkt. No. 63 at 4. The government argues that under the Supreme Court's test articulated in Blockburger v. United States, 284 U.S. 299 (1932), the elements of the substantive robbery charge (of which the defendant was convicted before Judge Stadtmueller) are different from the elements of the conspiracy charge (pending before this court). Id. at 5-6. It maintains that the conspiracy charge in this case is "separate and distinct" from the substantive robbery charge of which the defendant was convicted in the prior case, pointing out that the defendant never has been convicted of *conspiring* to commit the 7-Eleven robbery. Id. at 6. As for self-incrimination, the government argues that the defendant waived his right against self-incrimination by pleading guilty in his prior case, and that he did so with full knowledge that there was an ongoing investigation into the earlier robberies. Id. at 7. According to the government, at the sentencing before Judge Stadtmueller the defendant made

6

no statements "regarding the January robberies which encompasses [sic], in part, the herein charged conspiracy." Id.

The government also argues that severance is improper. Id. It argues that the Seventh Circuit has held that substantive and conspiracy counts should be joined.[1] Id. (quoting United States v. Williams, 553 F.3d 1073, 1078-79 (7th Cir. 2009)). It argues that a joint trial "in such a circumstance" promotes efficiency and prevents inconsistent verdicts. Id. at 8. The government asserts that Rule 14 does not require severance even if the defendant shows prejudice; it allows the court to tailor relief, such as a limiting instruction. Id. at 8–9. The government argues that severance would be inefficient because the conspiracy charge alleges that several individuals—most of whom traveled from other states to the Eastern District of Wisconsin to commit robberies—involved the defendant. Id. at 9. It says that he is the "common thread" of the conspiracy, and that severance would result in a waste of judicial resources. Id.

The government also argues that the Bruton issue is not yet ripe for determination because its resolution hinges on events not yet certain to occur—namely, that the co-defendants would proceed to trial and that the defendant or his co-defendants would not testify at that trial. Id. at 9–10. It asserts that if this scenario unfolds, there are ways for the court to address the Confrontation Clause problem, and it points out that in the case before Judge

---

[1] Technically, that is not what the government has done in this case—it charged the substantive count against the defendant in the 2023 case before Judge Stadtmueller, and is charging the conspiracy count in this 2024 case before this court.

7

Stadtmueller, the defendant did not identify his co-defendants by name. Id. at 10. The government argues that the court should address any Confrontation Clause issues if and when they arise, not by severing Count One at this stage of the litigation. Id. at 11.

The defendant replies that the government has "downplayed" the predicament a defendant like himself is in when he decides to plead guilty for a substantive offense that could also form the basis for a conspiracy charge. Dkt. No. 64 at 1. He does not dispute that he was aware at the time of his plea before Judge Stadtmueller that there was an ongoing investigation into other robberies, but he argues that a defendant "should not be forced to go to trial based on the possibility that they are under investigation for other criminal activity," and he suggests that if this *is* the way the law works, "the Government should be forced to notify all criminal defendants prior to offering plea agreements that they are under investigation for other crimes." Id. He reiterates that a defendant's ability to obtain a reduction in his guidelines offense level for acceptance of responsibility is critical in resolving criminal cases by plea, and that if a defendant does not accept responsibility for the substantive offense out of fear of being charged with conspiracy, he would be forced to give up a two- or three-level reduction. Id. at 1-2.

The defendant concedes that at sentencing before Judge Stadtmueller, he did not make any statements "regarding the January robbery which encompasses 'in part' the herein charged conspiracy," but emphasizes that the defendant confessed to "the underlying crime that is part of the conspiracy." Id.

8

at 2. As for the government's argument that severance would be inefficient, the defendant says that it was the government that decided to charge the substantive robbery in one case and the conspiracy in the other—not the defendant or the court. Id. He maintains that it is the government, not he, that has caused any inefficiency. Id. And he rejects the idea that any limiting instruction could remedy the prejudice to which he would be subject at trial; he says that the limiting instruction "would have to be something to the effect of 'please ignore the fact that the Defendant confessed to armed robbery when you consider whether he committed the offense of conspiracy to commit armed robbery.'" Id. He argues that no juror could "realistically" set aside his confession. Id.

   C. <u>Judge Duffin's Report and Recommendation</u> (Dkt. No. 69)

Judge Duffin rued on the defendant's motion to dismiss in a single order ruling on several other pretrial motions filed by his co-defendants. Dkt. No. 69 at 2. In the section ruling on the defendant's motion to dismiss or sever, Judge Duffin concluded that the defendant had waived his right against self-incrimination by pleading guilty to the December 5 robbery. Id. at 4 (citing <u>McCarthy v. United States</u>, 394 U.S. 459, 466 (1969)). Judge Duffin stated that any statements that the defendant had made in connection with that guilty plea could be used to prove elements of the conspiracy charge. Id. Judge Duffin opined that the government had read a double jeopardy argument into the defendant's brief despite the defendant having made no mention of double jeopardy; he concluded that to the extent the defendant had intended to make

9

a double jeopardy argument, he'd waived it by failing to make it in his briefs. Id. at 4–5 (citing Griffin v. Bell, 694 F.3d 817, 822 (7th Cir. 2012)). Judge Duffin recommended that the court deny the defendant's motion to dismiss Count One. Id. at 5.

Regarding severance, Judge Duffin reviewed the defendant's arguments along with those made by two of the co-defendants in their own motions to sever. Id. at 8. Judge Duffin first considered whether the government had properly joined the defendants and all counts under Rule 8. Id. at 8–10. Judge Duffin recounted that joinder is proper where the offenses in the indictment arise from "'a common plan or common scheme,' United States v. White, 737 F.3d 1121, 1132 (7th Cir. 2013) (quoting United States v. Velasquez, 772 F.2d 1348, 1353 (7th Cir. 1985)), or 'well up out of the same series of . . . acts.' United States v. Marzano, 160 F.3d 399, 401 (7th Cir. 1998)." Id. at 8–9. He recounted that conspiracy charges are a proper basis for joinder under Rule 8(b) and that joinder of all defendants charged in a conspiracy is "presumptively appropriate." Id. at 9 (citing United States v. Garner, 837 F.2d 1404, 1412 (7th Cir. 1987); United States v. Bond, 847 F.2d 1233, 1240 (7th Cir. 1988)). Judge Duffin determined that joinder of a conspiracy charge with the underlying offenses "done in furtherance of the conspiracy" is also proper. Id. at 10 (citing United States v. Williams, 553 F.3d 1073, 1078-79 (7th Cir. 2009)). Judge Duffin concluded that in this case, the indictment alleged robberies pertaining to each defendant and "a single underlying conspiracy

connecting the robberies," which he found was "enough for proper joinder of all counts and defendants under Rule 8." Id.

Judge Duffin next considered whether, under Rule 14, any prejudice resulted from that joinder. Id. at 11–17. He recounted that the defendant had the burden to make a "strong showing of prejudice" and to "rebut the dual presumptions that a jury will (1) capably sort through the evidence and (2) follow limiting instructions from the court to consider each [count] separately." Id. at 11 (quoting United States v. Moya-Gomez, 860 F.2d 706, 768 (7th Cir. 1988); United States v. Stillo, 57 F.3d 553, 557 (7th Cir. 1995)). He recounted the witnesses and testimony "likely to be common to each count." Id. at 13. Judge Duffin determined that the defendant had not made a strong showing that he will suffer prejudice due to the joinder of Count One, namely because he has not shown that evidence of his involvement in the December 5 robbery would not also be admitted into evidence against him regarding the allegations in Counts Two through Five; Judge Duffin speculated that evidence of the defendant's commission of the December 5 robbery could be admitted under Rule 404(b) as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. Id. at 14-15. Judge Duffin found that the defendant had not shown that the court could not reduce the risk of any prejudice through other measures (such as a limiting instruction). Id. at 15. Finding that severing Count One would result in judicial inefficiency and that the defendant's arguments as to prejudice were speculative, Judge Duffin denied the defendant's motion to the extent it asked

11

him to sever Count One. Id. at 15–16. As for the Bruton issue, Judge Duffin concluded that it was uncertain whether any Bruton issue would arise, that if such an issue did arise it could "likely be avoided by altering the manner of introducing the evidence" and that any Bruton issues would constitute potential violations of the *co-defendants'* Fifth Amendment rights, not this defendant's. Id. at 17.

    D.    Defendant's Objections (Dkt. No. 70)

The defendant filed a timely objection to Judge Duffin's recommendation and order, challenging both his recommendation that this court deny the defendant's motion to dismiss and his order denying the defendant's alternative motion for severance. Dkt. No. 70 at 1. The defendant argues that Judge Duffin improperly applied McCarthy, 394 U.S. at 466, when he determined that the defendant had waived his right against self-incrimination by pleading guilty in the case before Judge Stadtmueller. Id. at 2. He argues that the waiver provision of the plea agreement in the 2023 case applied only to the case in which the plea was entered, not to any possible future cases. Id. He argues that for that reason, he has not waived his right against self-incrimination in this case. Id. The defendant reiterates that if the court does not grant his motion to dismiss, he seeks severance of Count One as requested in his original motion. Id.

The government responds that the defendant failed to provide any legal precedent supporting his argument that his admission in the Judge Stadtmueller case to having committed the 2023 robbery cannot be used

12

against him in proving his participation in the "overall conspiracy" charged in this case. Dkt. No. 74 at 2. The government reiterates that at the sentencing hearing before Judge Stadtmueller, the defendant made no statements about the January robberies (encompassed in the conspiracy charged in this case), maintaining that the defendant has retained his right against self-incrimination in this case. Id. That said, the government also maintains that there is "no legal basis" to preclude the government from using the defendant's admission to the substantive offense as evidence that he participated in the conspiracy to commit that and other offenses. Id. The government asks the court to overrule the defendant's objection to Judge Duffin's order denying his motion to sever, for the reasons stated in Judge Duffin's order. Id. at 3.

### III. Analysis

#### A. Dismissal of Count One

In recommending that this court deny the defendant's motion to dismiss because he waived his right against self-incrimination by pleading guilty in his prior case, Judge Duffin relied on McCarthy, 394 U.S. at 466. Dkt. No. 69 at 4. McCarthy resolves the question of whether the defendant waived his right against self-incrimination for statements made in connection with his guilty plea in his prior case. He *did* waive his right against self-incrimination for those statements. But the defendant contends that McCarthy does not address the issue here: whether the government's use of the statements the defendant made in pleading guilty in the 2023 case as evidence that he was involved in the conspiracy charged in *this* case violates the defendant's right against self-

13

incrimination in *this* case. The parties' briefing on this issue is less than helpful; the cases cited by the defendant do not address this issue and the government's brief responds primarily to a double jeopardy argument that the defendant did not make. Perhaps this is because the defendant's arguments do not support dismissal of Count One so much as they support an argument that the government should not be allowed to introduce in this case evidence of his prior guilty plea in an effort to prove the conspiracy charge in this case. Arguably, that is less appropriately the subject of a pretrial motion to dismiss and more appropriate the subject of a motion *in limine* ahead of trial.

Regardless, the court agrees with Judge Duffin that it must deny the motion to dismiss Count One. Count One charges the defendant and his co-defendants with *conspiracy* to commit robbery, not the substantive crime of robbery. The defendant argues that "the government has been able to get [the defendant] to admit to almost all of the elements needed to convict him on Count One," dkt. no. 53 at 2; he is incorrect.

In general, "[c]onspiracy involves the element of an agreement, which is not an element of a substantive [] offense; on the other side, the substantive offense requires completion of the crime, which is not an element of conspiracy." United States v. Faulkner, 793 F.3d 752, 758 (7th Cir. 2015) (citing Pinkerton v. United States, 328 U.S. 640, 643 (1946)). In the context of the Hobbs Act, the Seventh Circuit has held that proof of an overt act is not required for a conspiracy conviction. United States v. Jett, 908 F.3d 252, 265 (7th Cir. 2018) (citing Whitfield v. United States, 543 U.S. 209, 215 (2005)).

14

Rather, the Hobbs Act "makes the act of conspiring itself the crime." Id. (citing United States v. Shabani, 513 U.S. 10, 13 (1994); United States v. Corson, 579 F.3d 804, 810 (7th Cir. 2009)). "To prove . . . Hobbs Act conspiracy, the government must establish that two or more persons agreed to commit an unlawful act, and that the defendant knowingly and intentionally joined in the agreement." United States v. Haynes, 582 F.3d 686, 698 (7th Cir. 2009), abrogated on other grounds by United States v. Vizcarra, 668 F.3d 516 (7th Cir. 2012). But the elements of Hobbs Act *robbery* to which the defendant pled guilty in his prior case are:

> First, the defendant or his accomplice knowingly obtained or attempted to obtain money or property from or in the presence of a person;
> Second, the defendant or his accomplice did so by means of robbery;
> Third, the defendant believed that the person parted or would part with the money or property because of the robbery; and
> Fourth, the robbery affected interstate commerce.

Tate, No. 23-cr-34, Dkt. No. 31 at 4.

Hobbs Act robbery and Hobbs Act conspiracy are separate and distinct offenses. Even if the government eventually seeks in this case to introduce the fact that in his prior case, the defendant admitted to committing a Hobbs Act *robbery*, that evidence would not establish either of the elements of Hobbs Act *conspiracy*. The defendant may have committed the robbery to which he previously pled guilty without conspiring with anyone else to do so. Count One does not compel the defendant to testify against himself as to the elements that the government will be required to prove to prove the charge of Hobbs Act conspiracy as alleged in Count One.

15

The court will overrule the defendant's objection and adopt Judge Duffin's recommendation to deny the motion to dismiss.

B. Severance

The court construes the portion of the defendant's objection in which he refers to his motion for severance as an objection to Judge Duffin's order denying that motion. Because a motion to sever is a non-dispositive motion, the court must consider only whether Judge Duffin's decision to deny the motion to sever is "clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A). It is not.

Judge Duffin explained that the standard for joinder is found in Federal Rule of Criminal Procedure 8(b). As applied to this case, he stated that "[w]here the common plan or scheme is an overarching conspiracy, it will be proper to charge in a single indictment not only those involved in the conspiracy but also individual offenses done in furtherance of the conspiracy." Dkt. No. 69 at 10 (citing United States v. Williams, 553 F.3d 1073, 1078–79 (7th Cir. 2009)). "A conspiracy charge combined with substantive counts arising out of that conspiracy is a proper basis for joinder under Rule 8(b)." Williams, 553 F.3d at 1078–79. Here, the defendant seeks to sever the conspiracy count from the substantive robbery counts charged in this case. It was not clear error or contrary to law for Judge Duffin to find that the conspiracy count properly was joined in the same indictment as the substantive counts.

Judge Duffin next determined that no prejudice would result from joinder. Dkt. No. 69 at 14. Judge Duffin stated that because joinder of the

16

charges is proper, the defendant must make a strong showing of prejudice to outweigh the preference for trying all counts of the indictment together. Id. The defendant expressed concern that evidence of his prior guilty plea for one of the robberies that occurred during the alleged conspiracy may be admitted at any trial on Count One, and that the jury might improperly consider that evidence as evidence that he committed the other robberies charged in Counts Two through Five. Id. Judge Duffin conceded that evidence of the defendant's admission to committing the December robbery might well be offered (and admitted) against the defendant in relation to Counts Two through Five as Rule 404(b) evidence of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. That is a possibility. And as Judge Duffin pointed out, if that possibility comes to fruition, the defendant would have the opportunity to request limiting instructions to reduce any risk of prejudice. It was not clear error for Judge Duffin to find that where the evidence the defendant sought to compartmentalize by severing Count One might well be admitted as to Counts Two through Five, the defendant had not sufficiently demonstrated that he would be prejudiced if the court did not sever Count One.

The court will overrule the defendant's objection to the denial of the motion to sever; Judge Duffin's decision was not clearly erroneous or contrary to law.

**IV. Conclusion**

The court **OVERRULES** the defendant's objections. Dkt. No. 70.

17

The court **ADOPTS** Judge Duffin's recommendation. Dkt. No. 69.

The court **DENIES** the defendant's motion to dismiss Count One. Dkt. No. 53.

The court **ORDERS** that the parties must file a status report by day's end on February 14, 2025, advising the court of their anticipated next steps. Dkt. No. 76.

The court **ORDERS** that the status conference set for January 31, 2025 is **REMOVED** from the court's calendar.

Dated in Milwaukee, Wisconsin this 28th day of January, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**